IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


KENNETH O. MCHAM,            )
PATRICIA D. SMITH,           )
                             )
    Plaintiffs,              )
                             )
       v.                    )       1:14CV999
                             )
CAPITAL BANK, et al.,        )
                             )
    Defendants.              )


**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entries 3, 4). The Court will grant Plaintiff's Application (Docket Entry 1) for the limited purpose of recommending dismissal of Plaintiffs' federal-law claims pursuant to 28 U.S.C. § 1915(e)(2)(B) for frivolousness. Additionally, the undersigned will recommend that the Court decline supplemental jurisdiction over Plaintiffs' remaining state-law claims.

Similar to Plaintiffs' companion case, McHam v. Wells Fargo Bank, 1:14-cv-997 (M.D.N.C.), Plaintiffs allege that Defendants withdrew money from Plaintiff Patricia D. Smith's bank account without her permission. (Docket Entry 3 at 15.) As a result, Plaintiffs filed this action alleging violations of 18 U.S.C. §§ 1344 and 1014, in addition to various state-law claims. (Docket

Entries 3, 4.)  Both of the purported federal violations only concern Plaintiff Smith's bank account.

Also similar to Plaintiff's companion case, see McHam v. Wells Fargo Bank, 1:14-cv-997, (Docket Entry 3 at 1) (M.D.N.C.), Plaintiff Kenneth O. McHam purports to represent Plaintiff Smith pro se under an executed power of attorney.  On the Pro Se Complaint Form, Plaintiff McHam lists Plaintiff Smith as a plaintiff under the "Parties" section, (see Docket Entry 3 at 1), and it appears Plaintiff McHam signed the Complaint for Plaintiff Smith with the designation "(POA)" (id. at 3).  Thus, Plaintiff McHam attempts to represent both himself and Plaintiff Smith pro se in this case.

However, as discussed in Plaintiffs' companion case, the law does not permit Plaintiff McHam to represent Plaintiff Smith pursuant to an executed power of attorney.  See McHam v. Wells Fargo Bank, 1:14-cv-997 (Docket Entry 5) (M.D.N.C.).  Therefore, for the same reasons discussed in McHam v. Wells Fargo Bank, 1:14-cv-997, (Docket Entry 5) (M.D.N.C.), the Court should dismiss all federal-law claims asserted on behalf of Plaintiff Smith for lack of subject matter jurisdiction.  All of Plaintiffs' remaining claims come from state law.  Therefore, like in Plaintiffs' companion case and for the same reasons, the Court should decline to exercise supplemental jurisdiction.  See id.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Proceed In Forma Pauperis is granted.

**IT IS RECOMMENDED** that Plaintiffs' federal-law claims be dismissed for lack of subject matter jurisdiction and the Court decline supplemental jurisdiction over Plaintiffs' state-law claims.

                                            /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                     **United States Magistrate Judge**

December 19, 2014